## In re Brenneman

*Daniel B. Strickler,* for Commonwealth.
*Owen P. Bricker* and *John A. Coyle,* for respondent.

GROFF, P. J., October 10, 1931.—In this matter the State of Pennsylvania filed a petition asking for a rule to show cause why Mary E. H. Brenneman, wife of Harry R. Brenneman, should not pay to the Commonwealth of Pennsylvania the sum of $61.43, which is due the Commonwealth by reason of the said Harry R. Brenneman, the husband of the said Mary E. H. Brenneman, being confined in the Lancaster County Home and Hospital for the Insane, for a period of thirty and five-sevenths weeks, at $2 per week, amounting in all to $61.43.

The petition alleges that the said confinement in the Lancaster County Home and Hospital for the Insane began on May 14, 1929, and ended on December 14, 1929; that during this period of confinement the said Harry R. Brenneman was charged upon the books of the said hospital as an indigent patient; that during the time of his confinement the said State of Pennsylvania expended the sum of $61.43, as evidenced by the affidavit of Jay S. Strine, superintendent of the aforementioned institution; that Mary E. H. Brenneman is the wife of Harry R. Brenneman; that the petitioner believes that the said Mary E. H. Brenneman owns the properties Nos. 332 and 334 North Mulberry Street and No. 333 Concord Street, in Lancaster, Pennsylvania; and then states the assessed value of the said properties for city and county purposes; that they are subject to a lien of $4000; and that the State of Pennsylvania believes that the said Mary E. H. Brenneman is of sufficient financial ability to pay for the maintenance of the said Harry R. Brenneman.

To this, the said Mary E. H. Brenneman filed an answer, in which she admitted that she is the owner of the properties Nos. 332 and 334 North Mulberry Street and No. 333 Concord Street, in the City of Lancaster, Pennsylvania, and denied that she is of sufficient financial ability to pay for the maintenance of the said Harry R. Brenneman.

It appears from the petition and from the answer that, first, Harry R. Brenneman was, between the dates set forth in the petition, confined as an indigent insane patient in the Lancaster County Home and Hospital for the Insane; second, that the State has expended the sum of $61.43 for his maintenance; and, third, that Mary E. H. Brenneman is the wife of the said Harry R. Brenneman.

450

Section two of the Act of May 10, 1921, P. L. 438, amending section three of the Act of June 1, 1915, P. L. 661, reads as follows:

"The . . . wife . . . of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided. . . ."

Section three of the Act of May 10, 1921, P. L. 438, is amended by section two of the Act of April 25, 1929, P. L. 704, to read as follows:

"The court of common pleas of the county of the residence of any inmate of a State-owned mental hospital, or any home, hospital, asylum, or other institution wherein said inmate is maintained in part by the Commonwealth of Pennsylvania, shall, upon the application of the Department of Justice, acting on behalf of the Department of Revenue, make an order for the payment of maintenance to the Commonwealth, upon the trustee, committee, guardian, or other person who has charge of the estate of any such inmate, or against the . . . wife . . . of any person so maintained; and any order made against the . . . wife . . . shall be in such amount as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance. . . ."

Section three of the said act, amending section five of the Act of 1915, reads as follows:

"The sworn statement of the superintendant, steward, . . . in whose custody are kept the records of any hospital, home, asylum, or other institution not owned by the State wherein persons are maintained in part at the expense of this Commonwealth, . . . shall be received as prima facie evidence in any court of this Commonwealth, of the amount expended by the Commonwealth for the support or maintenance of any such person, in any proceeding brought to recover the amount of such maintenance."

It is, therefore, clear that the State of Pennsylvania, having helped to maintain the said inmate in the Lancaster County Home and Hospital for the Insane, has a right to recover from the wife of the said Harry R. Brenneman, if she is legally able to pay, such sum as it has expended for the maintenance of the said indigent insane person.

From the admissions in the answer, and the depositions taken in this matter, it is plain that Mary E. H. Brenneman owns the three properties enumerated in the petition; that there is a mortgage against the said properties, according to her answer, in the sum of $4000. The Commonwealth, in its depositions, shows that these properties are worth, according to the testimony of J. G. Forney, the sum of $11,500; and, according to the testimony of George B. Hetrick, he can sell them at present for more than the sum of $9000. This would leave a clear equity in the value of these properties of $5000.

The respondent calls two men who are engaged in the real estate business, N. D. Alexander and Charles H. Shuffelbottom, who testify that this property is worth approximately $6500. It would, therefore, seem from all the evidence that the respondent, Mary E. H. Brenneman, is legally able to pay for the support of her said husband.

We notice that the liability upon the wife, under section two of the Act of May 10, 1921, P. L. 438, is conditioned upon her legal ability to pay. Just what that means is not clear, and the courts have not interpreted it, but we would understand that a woman has legal ability to pay as distinguished from financial ability to pay if she is under no legal disability, such as being weak-minded, etc.

Section four of the Act of June 1, 1915, as amended by the acts cited above, says that:

"The court of common pleas . . . shall, upon the application of the Department of Justice, acting on behalf of the Department of Revenue, make an order for the payment of maintenance to the Commonwealth, . . . against the . . . wife . . . of any person so maintained; and any order made against the . . . wife . . . shall be in such amount as the court, in its discretion, deems proper, taking into consideration their ability to pay for said maintenance. . . ."

In Com. v. Allison, 11 D. & C. 18, it was held that:

"The Act of June 1, 1915, P. L. 661, as amended, plainly implies that the defendant's 'ability to pay' for the maintenance of his indigent insane son must be fixed—not by a jury in the course of the common law, but by the court in the exercise of its discretion, taking into consideration his ability to pay for such maintenance."

We agree with that decision and, after reviewing all the evidence in the case, we decide that Mary E. H. Brenneman has now and did have at the time her husband was confined to the Lancaster County Home and Hospital for the Insane the legal ability to pay the money claimed by the Commonwealth.

We, therefore, make the rule granted in this case absolute, and the court, by virtue and authority of section two of the Act of April 25, 1929, P. L. 704, does order and direct Mary E. H. Brenneman to pay to the Commonwealth of Pennsylvania, for the maintenance of her husband, Harry R. Brenneman, from May 14, 1929, to December 14, 1929, the sum of $61.43.

Rule made absolute.          From George Ross Eshleman, Lancaster, Pa.